UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS DUCLOS,

   Petitioner,

vs.

WILLIAM DONAT, *et al.*,

   Respondents.

3:08-cv-0406-RCJ-RAM

ORDER

This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by petitioner Thomas Duclos, a Nevada prisoner. Before the Court is respondents' answer to grounds 2 and 3 of the petition (docket #48).

I. **Procedural History**

Petitioner was charged by information on February 13, 2006, in the Second Judicial District Court for Washoe County, with attempted robbery. Exhibit 4.[1] On February 22, 2006, petitioner entered into a plea agreement in which he agreed to plead guilty to attempted robbery and in exchange the state would recommend a sentence of twelve to thirty-six months in prison. Exhibit 5.

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss the petition for writ of habeas corpus, and are located in the record at docket #17-18 and #36.

1   The state district court canvassed petitioner with respect to the plea, and accepted the guilty plea.
2   Exhibit 6. The court sentenced petitioner to ninety-six months in prison, with parole eligibility in
3   twenty-two months. Exhibits 11 and 12. A judgment of conviction was entered on April 26, 2006.
4   Exhibit 11. Petitioner appealed, and the Nevada Supreme Court affirmed the judgment of conviction.
5   Exhibits 13 and 23. Remittitur issued on September 8, 2006. Exhibit 27.

On August 28, 2006, petitioner filed a state habeas corpus petition alleging (1) his plea was involuntarily entered into because trial counsel convinced the petitioner that he would receive a twelve to thirty-six month sentence because the state would not argue for a greater sentence when Probation and Parole instead argued for a twenty-two to ninety-six month sentence; (2) his plea is involuntary as he had severe mental health issues and the court failed to conduct a competency hearing; (3) trial counsel was ineffective for the reasons stated in grounds one and two; and (4) appellate counsel was ineffective for failing to raise on appeal the fact that the plea was induced by the promise of a twelve to thirty-six month prison term and the fact that petitioner was under the influence of strong psychotropic medications at the time he entered his plea. Exhibit 25.

The state district court appointed counsel to represent the petitioner. Exhibit 36. Counsel filed a supplemental petition. Exhibit 41. The trial court dismissed the petition. Exhibit 52. Petitioner appealed, and the Nevada Supreme Court affirmed the lower court's dismissal on February 8, 2008. Exhibits 56 and 64. Remittitur issued on March 4, 2008. Exhibit 66. Petitioner then filed a motion for direct review in the state district court. Exhibit 70. The court also denied that motion, and petitioner did not appeal the denial. Exhibit 73.

Petitioner mailed a federal habeas corpus petition to this Court on July 14, 2008 (docket #7). Respondents moved to dismiss the petition (docket #16) and this court determined that grounds 1 and 4 of the petition were unexhausted (docket # 38). Petitioner abandoned those grounds (docket #39). Respondents have now answered grounds 2 and 3 of the petition.

II.   **Legal Standard for Review**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

2

2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thea AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of § 2254 "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003), citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000); *Bell v. Cone*, 535 U.S. at 694.

Furthermore, a state court decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 73. The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III. Discussion

Petitioner's two surviving grounds for relief are claims of ineffective assistance of counsel. Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v.*

3

1  *Washington,* 466 U.S. 668 (1984). In *Strickland,* the Supreme Court held that a petitioner claiming
2  ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so
3  serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and
4  (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391
5  (2000), *citing Strickland,* 466 U.S. at 687. To establish ineffectiveness, the defendant must show
6  that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish
7  prejudice, the defendant must show that there is a reasonable probability that, but for counsel's
8  unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable
9  probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any
10 review of the attorney's performance must be "highly deferential" and must adopt counsel's
11 perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.
12 *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's
13 actions might be considered sound trial strategy. *Id.*

14       Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance
15 of counsel resulting in prejudice, "with performance being measured against an 'objective standard of
16 reasonableness,'... 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380
17 (2005). If the state court has already rejected an ineffective assistance claim, a federal habeas court
18 may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland*
19 standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). Review of the attorney's performance
20 must be highly deferential, and must adopt the attorney's perspective at the time of the challenged
21 conduct. *Strickland,* 466 U.S. at 689. There is a strong presumption that counsel's conduct falls
22 within the wide range of reasonable professional assistance. *Id.*

23       **A. Ground Two**

24       In ground two petitioner contends that his Sixth Amendment rights were violated when trial
25 counsel advised petitioner that he would receive a twelve to thirty-six month sentence if he agreed to
26 plead guilty, despite knowing the such a sentence was unlikely considering the fact the petitioner was

4

currently serving time on a parole violation and had prior felony convictions. Petitioner appears to argue that counsel should have known at the time of arraignment that the presentence investigation report would have recommended 22-96 months, and that the court would accept that recommendation instead of the prosecutor's recommendation for 12-36 months. Petitioner states that he was not advised that there was a greater penalty than the twelve to thirty-six month sentence. Respondents argue that this ground is unexhausted.

Petitioner contends that at the time he agreed to waive his preliminary hearing, counsel failed to advise him of the consequences of a guilty plea, that there was a greater potential penalty and that he was waiving certain constitutional rights. He suggests that, although he was advised of these things at the time he entered his plea, it was "much too late" as he would not be able to "return to the Justice Court."

On appeal from denial of his post-conviction petition, the Nevada Supreme Court applied the *Strickland* standard and denied these claims. Exhibit 64. The court's determination that petitioner's claims were belied by the record because petitioner had signed a plea agreement and had been canvassed by the district court. The court also found that petitioner received a substantial benefit for his guilty plea where the state agreed to drop the robbery with the use of a deadly weapon charge and to forego any "transactionally-related charges." *Id.*

Petitioner has not demonstrated that the state court's decision was an unreasonable application of clearly established law as determined by the United States Supreme Court. Moreover, the record does belie petitioner's claims. Before he entered his guilty plea he knew of the potential sentence and that the court was not bound by the plea agreement or the state's recommendation, he knew of his own criminal history and, from his personal experience, would have been aware that the court would be as likely to follow the recommendation of the presentence investigation report as that of the prosecutor. No relief is warranted on this claim.

**B. Ground Three**

In his third ground for relief petitioner alleges that his Sixth Amendment rights were violated

when trial counsel failed to file a motion to withdraw his plea. On appeal from the dismissal of the state habeas corpus petition, the Nevada Supreme Court addressed the issue of whether trial counsel was ineffective for failing to file a presentence motion to withdraw the guilty plea. Exhibit 64. The Nevada Supreme Court held that petitioner's claims of ineffective assistance were meritless, as discussed above.

Again, the Nevada Supreme Court's findings are not objectively unreasonable or contrary to the United States Supreme Court's rule in *Strickland*. This claim shall be denied.

## IV. Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition is **DENIED.**

**IT IS FURTHER ORDERED** that the Certificate of Appealability is **DENIED**. The Clerk shall enter judgment accordingly.

DATED this __3__ day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

7